# CHARLESTON.

JARRELL v. FRENCH et al.

Submitted January 25, 1897—Decided April 24, 1897.

1. REVERSAL—*Appellate Court—Review on Appeal.*
    Point 1 of syllabus, *Smith v. Yoke,* 27 W. Va. 639, approved. (p. 468.)

2. DOWER—*Release of Dower.*
   Dower can only be released by writing under seal and acknowledged. (p. 466.)

3. DOWER—*Decree—Error.*
   It is error to decree a specific sum in lieu of dower without the assent of all the parties interested. (p. 470.)

4. APPELLATE COURT.
   Point 3 of syllabus, *State* v. *Lowe,* 21 W. Va. 782, approved. (p. 469.)

Appeal from Circuit Court, Raleigh county.

Bill by Frances Jarrell against C. D. French and others for an assignment of dower, or a gross sum in lieu of dower. From a judgment for complainant, defendants appeal.

*Reversed.*

JOHNSON & HALE, for appellants.

FARLEY & THOMPSON and W. E. CHILTON, for appellee.

McWHORTER, JUDGE:

Augustus Pack, of Boone county, died in November, 1884, seised of various tracts of land in Boone, Raleigh, and other counties of this State, in which his widow, Frances Pack, who has since intermarried with Leftwich Jarrell, was entitled to dower. Pack was largely involved in debt. Prior to his death, J. P. Underwood's executor instituted a suit in Raleigh County circuit court to subject the lands of said Pack in said county to the payment of the liens thereon; said lands consisting of two tracts of five thousand, six hundred and six, and twenty-four acres, respectively. Said lands were sold under decree in said cause prior to Pack's death, at which sale C. D. French, together with J. M. French and G. W. Easley, became the purchasers. The widow, Frances Pack, by J. M. French, her counsel, filed her bill in Boone county, asking that her dower in all the lands of said Pack be assigned to her in the home lands in Boone County. She afterwards filed a petition in said Raleigh County suit, asking that her dower be set apart in said Raleigh lands. On the 27th day of October, 1885, the Raleigh suit came on again to be further heard, when J. M. French, one of the purchasers of the Raleigh lands, ap-

peared for her, having inserted in said decree the following clause: "And it being admitted in open court by her counsel that Frances Pack, the widow of Augustus Pack, before filing her petition in this cause filed her original bill in the circuit court of Boone county for the purpose of asserting her right to dower in the estate of the said Augustus Pack, it is adjudged, ordered, and decreed that the petition filed by her in this cause at the July term, 1885, be stricken from the docket." At the July term, 1891, of the Boone County circuit court, a decree was entered in several chancery suits involving the estate of said Pack, including the widow's suit for dower, which were heard together; and the said widow was allowed dower in all the lands which had been sold in said suits, which seems to have included all the lands of which Pack died seised, except the Raleigh lands, and a large tract of fourteen thousand five hundred acres which had been sold in proceedings in the United States district court, and also a tract of one thousand nine hundred acres which had been sold for the sum of six thousand dollars under a deed of trust in which the widow had joined, thereby releasing her dower in said tract. December 4, 1891, plaintiff, Frances Jarrell, filed her bill in the circuit court of Raleigh County, setting up her dower in the two tracts sold to C. D. and J. M. French and Easley. Alleging the sale of the same under the decree in said Underwood case to the said Frenches and Easley, and a conveyance since by them to the defendant J. N. Valley, and a further conveyance by said Valley to the defendants Rowlands and Shultz, and exhibiting the several deeds of conveyance to these parties. And alleging that the sale was made under the decree to satisfy sundry judgments against Pack, which were liens upon the land, but that the latter conveyances to French and others do not preclude her from claiming, or bar her right of, dower in said lands, to which she is entitled; that she is entitled to dower in kind in said real estate, but, as the lands were sold under decree of circuit court, the said French, or those claiming under him, may pay her, during her life, lawful interest on one-third of the value of said lands at the time of the sale, which was at least twelve thousand dollars, or pay to her the gross sum in lieu thereof, to be computed on the principle laid down in chapter 65 of

the Code of West Virginia; that she was, at the time of the death of her husband, forty-nine years old, and that she since intermarried with Leftwich Jarrell; that said Underwood suit was brought in Mr. Pack's lifetime, and the other creditors of Pack were brought in, and it was proceeded with as a creditors' suit against said real estate; that at the July term, 1885, she filed a petition in said Underwood cause, praying dower to be assigned to her and computed and allowed to her; and that after said petition had been filed, on the 27th day of October, 1885, the same was stricken from the docket, as above stated, and this was all that was ever done in said suit, or any other suit or proceeding, in regard to the dower of plaintiff in said real estate. Further alleging that afterwards, in the circuit court of Boone County, her said original bill for dower in the estate of A. Pack was heard, together with other creditors' suits pending in said circuit court of Boone County, and in said causes so heard together a report was made by Commissioner William Thompson allowing said petitioner dower in said real estate in Raleigh County, but upon exception being filed to said report the court held and decreed that plaintiff was not entitled to dower in the lands mentioned in Raleigh County, to be assigned out of the lands in Boone county, or to be charged against the fund arising out of the lands in Boone county, sold under decrees in said consolidated causes in Boone county. And alleging that said statement in said decree of October 27, 1885, did not and does not adjudicate or settle her rights in the premises, nor does not bar her in any way from dower in said real estate sold said French, and that she is still entitled to dower as before stated. And praying that the parties named in the caption of the bill be made defendants in the suit, and required to answer the same, and her dower in said lands be assigned to her, or that said French, or those claiming under him said tracts of land, and in possession thereof, be required to pay her, during her life, lawful interest on one-third of the value of said lands at the time of the sale, or pay her a gross sum in lieu of dower, to be computed on principles laid down in chapter 65 of the Code of West Virginia, and praying for general relief.

J. N. Valley filed his answer to the bill, admitting his in-

terest in the lands purchased at said sale, by a subsequent purchase; alleging that by reason of plaintiff's having dismissed her petition October 27, 1885, she was estopped from claiming dower in said lands, especially since they had passed to the hands of innocent purchasers, but that, if the court should be of opinion that she is entitled to dower, they be allowed to pay out of the purchase money still due from them the amount of computation of dower. Defendants J. H. and S. C. Rowland filed their answer, denying the right of plaintiff to have her dower, if she has any in the lands sought to be charged, laid off in kind, and claiming that they and their co-defendants have the right to pay her a sum in gross in lieu of dower, if the court should hold that she is entitled to dower in the lands, under the facts and allegations set out in the answer of J. N. Valley. J. M. French filed his demurrer and answer, alleging that plaintiff is not entitled to claim dower in said land, for the reason that said Augustus Pack had a postnuptial contract with the said Frances by which she was to have certain personal property and live stock, and its increase, as a marriage settlement made by said Augustus Pack upon the said Frances, and she, in consideration of said settlement, was to have no claim of dower, or interest of any kind, in said Augustus Pack's real estate, which contract was in writing, and, Frances claimed, was burned when the house of Augustus Pack was burned, some time before Pack died; and alleging that Frances had set up said contract in a suit brought by her in the circuit court of Boone County against William Hopkins, administrator of A. Pack, who had taken possession of the said personal property and sold a large part thereof, and recovered the value of said property from said Hopkins, and setting up the said postnuptial contract between her and said Pack as a bar to her right of recovery in this suit, and averring his ability to do the same. Averring further that she was estopped by a former adjudication of her petition in the Raleigh court. Alleging his authority for having the petition dismissed, and that she had authorized him to bring her suit in Boone County to have dower assigned her in all the lands of Pack; that she had directed him to have the suit brought in the circuit court of Raleigh County by Chilton dismissed, and to go on with the suit in Boone

County, and have her dower consolidated and laid off out of the home place in Boone County, and by her direction, as her counsel, he had made a full statement of the facts to the judge of the circuit court of Raleigh County in open court, and the court directed the suit brought by said Chilton dismissed, and claiming that she, having made her election to take her whole dower in the Boone lands, was estopped from prosecuting this suit.

At the June rules, 1893, plaintiff filed her amended and supplemental bill, alleging, in addition to the allegations of the original bill, that she had never been assigned, or in any way received, dower in the Raleigh county lands; that J. M. French had been her husband's attorney for a considerable time prior to his death, and was retained by him as his legal adviser, and acted in nearly if not all of the numerous suits brought by her husband, as well as acted for him in suits brought against him; that being cognizant of all the facts, and of the intimate acquaintance of the said defendant James M. French with all the business of her late husband, even to its minutest details, and relying upon his integrity and ability as an attorney at law, she employed him to take whatever steps were necessary to protect her interests and recover her rights in the estate left by her late husband; that a suit was instituted in Boone county and decree had therein as alleged in the original bill; that a petition was also filed in the suit of Underwood's executor against Pack and others in the circuit court of Raleigh county, asking that her dower be assigned in the Raleigh county lands; that defendant French was employed by her to file said petition and bring said suit in Boone county, and she relied upon him, as attorney, to attend to her interests, and, while he was so acting and she was so relying upon him, he became the purchaser of an interest in the lands sold in the Underwood case; that that fact was not known to her for a long time,—not until, in fact, a short time before the filing of her original bill; that he became interested in the purchase of said lands on the 27th day of April, 1885, and on the 27th day of October, 1885, he caused the decree of dismissal of her petition filed in the suit to be entered, which was done without her knowledge or consent; that she was informed that C. D. French and Easley were joint-

ly interested with the defendant J. M. French in the purchase of the land; that Easley, who had since died, was an attorney at law, and that before the purchase he, in company with C. D. French, went to Raleigh and Boone counties, and made a careful examination of the records in the suits in each of said counties, in which the estate of her late husband was involved, and that they were fully cognizant of the relation in which J. M. French stood to her; that she never at any time authorized J. M. French to dismiss the petition for dower in the Raleigh county lands, nor did she ever agree with him or any one else, or represent to any one, that she desired the value of her dower in the Raleigh lands assigned to her out of the lands in Boone county; that she is entitled to dower in the Raleigh lands, and not barred from right of dower therein. And praying for her dower in said lands to be assigned to her, or that said French, or those claiming under him the said tracts of land, be required to pay her, during her life, lawful interest on one-third of the value of the land, or pay her a gross sum in lieu of said dower, and for general relief.

Defendant James M. French filed his demurrer and answer to the amended bill, referring to his answer to the original bill, and making it a part of this answer, so far as it is applicable and responsive to the allegations contained in said amended bill. And in answer to the additional and supplemental matters, if any there be set up in plaintiff's amended bill, defendant says that it may be true, as is charged therein, that plaintiff has never received or been assigned dower in the Raleigh county lands, in the original and amended bills described, but avers that it is for the reason that she is not entitled now, and never was entitled, to dower in the Raleigh county lands, and, even if she ever was so entitled, she waived and lost her right thereto by reason of claiming and taking her dower in the Boone county lands, and by filing her petition in the chancery suit of Underwood in Raleigh county, and then dismissing her petition therein. Denying that he had filed said petition for her, but that it was filed by William E. Chilton, her attorney, and dismissed by her direction. Admitting that he had been employed in matters of Pack's litigation in Boone and Raleigh counties, but not in all

his business. That Pack requested him to induce purchasers to come to the sale and buy the Raleigh land. That he did get G. W. Easley and C. D. French to attend the sale, when it was sold to C. D. French at one dollar and twenty cents per acre, having theretofore sold for between seven hundred dollars and eight hundred dollars, which sale was set aside. The purchase price in the last sale amounted to over six thousand dollars, which was regarded by Pack as a good sale at the time. That before the next term of the county Pack died, and the suit was revived against the widow, children, and heirs, which delayed the confirmation of the sale. In the meantime plaintiff employed defendant to bring her suit for dower in Boone county, wherein she asked to have her dower consolidated in the home lands, saying that dower in the wild lands in Raleigh and Boone counties would be of no use to her; that she had been advised that, if they were assigned to her, she would have no right to remove the timber from the same,—saying that she had some children to raise, and, if she could have her dower assigned to her out of the home lands, which was mostly river bottom and cleared land, it would enable her to provide for and maintain her children. Plaintiff told defendant that she had employed William E. Chilton to have her dower assigned to her out of the Cabin Creek lands, which had been alienated in the lifetime of her husband to one Jed Hotchkiss, and that she was informed by said Chilton that she could get computation in lieu of dower in kind, and that the Hotchkiss land had been sold under a decree in favor of said Pack for sixty thousand dollars, and that she would be able to obtain from that source all the money she might stand in need of. That defendant told the plaintiff at the time he filed her bill for dower that he was interested in the sale of the two tracts which had been made in Raleigh county, and which was bid in by C. D. French; that it made no difference, however, with the purchasers; if she claimed computation in lieu of dower, it would be paid, under the direction of the court, out of the purchase price; that if she claimed it in kind, and it was assigned her, they would not take the land, and that it was important for her to determine what she would do at once, and, with a full knowledge of the facts, she determined to bring

the suit just as he brought it; and denying the statement that she never authorized him to dismiss the petition. That, when he heard that she had filed a petition in Raleigh county, he mentioned the matter to her, and she said it was a mistake of Mr. Chilton; that she had employed him to file her petition in Kanawha county for her dower in Cabin Creek lands, but had not employed him to file any petition in Raleigh circuit court for dower,—and then authorized and directed defendant to have it dismissed, and gave him a writing to that effect to show to said Easley and French. That he had made diligent search for said writing, but had been unable to find it, and is under the impression that he lost it when he came so near being drowned in the New river, a year or two ago. That he never heard of defendant claiming dower in the Raleigh county lands until long after the purchase money had been fully paid by him and his co-defendants, or until after plaintiff had married Leftwich Jarrell. And he claimed that it would be a gross fraud upon him and his co-defendants to have her dower at this late day, in the face of her own election allowed her; and he denied the charge that he had abandoned her business. That he was taken sick, and in bad health for many months, and was unable to go and attend to the Boone county suit.

C. D. French filed an answer denying the allegations of the bill, and claiming that plaintiff was estopped from claiming dower in this land because her former petition had been dismissed at her own instance, by her direction and authority, and that after the dismissal and abandonment of her claim she stood by for years, saw the sale of the land confirmed to the defendants, the purchase money paid into court, and the same disbursed to the creditors of Augustus Pack, without protest on her part, which works an estoppel.

Appellants' first assignment of error is that "plaintiff, having filed her petition in the Underwood suit in Raleigh circuit court, praying for assignment of her dower in lands sold therein for the benefit of lien creditors, and afterwards dismissing her said petition, admitting that she had theretofore filed her bill in the circuit court of Boone county (where her husband had other lands) for the purpose of having dower laid off to her in all the lands belonging to

her late husband." While it is true that plaintiff filed a petition in the cause of Underwood, *etc.*, against Pack and others in Raleigh circuit court, as set out in said assignment of error, and the same was afterwards dismissed on the 27th day of October, 1885, without adjudication of the matters set up in the petition, plaintiff alleges in her bill that she never authorized such dismissal, and so states in her deposition, and insists that it was without her knowledge or consent; that she had employed defendant J. M. French as attorney to attend to her interests in the matter of her dower; and that, instead of looking after it, he, without authority, dismissed the petition, and then failed to prosecute the suit in Boone circuit court which he had instituted and undertaken to prosecute for her. On the other hand, defendant French contends, as well in his answer, to which replication was made, as in his deposition, that he had from plaintiff full authority to dismiss said petition, and states that, because of personal and family afflictions, he was unable to attend to the suit in Boone county to have plaintiff's dower assigned, as was contemplated in the bill there filed. The deposition of defendant C. D. French is taken in support of defendants' contention. This witness says that he knew at the time he purchased that plaintiff had dower in the land; that after they purchased, and after the sale was confirmed, he learned, and probably might have known before, that plaintiff had filed her petition in said suit, asking for dower in said land, but, before paying in full the purchase money, they desired this dower right of plaintiff settled, and J. M. French, who is a lawyer, went, at request of Easley and himself, to see plaintiff and get said dower matter arranged. French returned from his visit to plaintiff, and showed Easley and witness a paper writing purporting to be signed by plaintiff, authorizing the purchasers of the Raleigh land to pay the purchase money into court for the benefit of the estate of her husband, and, if they would do so, she would not claim dower in the Raleigh lands, but would take her dower all together in Boone county lands; and the said paper directed said J. M. French to dismiss her petition for dower in the Raleigh lands, and have her dower all thrown together; which paper was examined in witness' presence by J. M. French and

Easley, both of them lawyers, who pronounced the paper good and all right. They then drew a decree, and had it entered of record, dismissing the plaintiff's petition, after which they paid the purchase money into court, through the commissioner, and allowed the same to be paid out to creditors of Pack, which was done because of the direction of plaintiff contained in said paper. Witness further stated that, about a year after he got his deed for the land, they were about to sell the timber on the land to J. M. Thomas, and J. M. French, Easley, J. M. Thomas, and witness stayed all night at plaintiff's house, while they were negotiating the sale to said Thomas. The plaintiff then or since, until the bringing of this suit, made and had made no demand for dower whatever in said land, of any character whatever, and that the last witness saw of the paper it was in the possession of the defendant J. M. French. This is all the evidence to sustain the position of the defendant French. J. M. French occupies the delicate and very embarrassing relation of attorney and counsel for plaintiff, and one of the purchasers of the land in whose interest the petition for dower was dismissed in said suit, and which was done on his motion. J. M. French files as an exhibit with his deposition a copy of a written contract with plaintiff, covering his employment as an attorney as follows: "I, Frances Pack, have heretofore employed James M. French to bring suit to have my dower assigned me in the estate of my late husband, Augustus Pack, and, being desirous of securing his services on my behalf in all things arising out of my said husband's estate, I do hereby agree to pay said James M. French reasonable fees for all services in representing my interest in my said husband's estate. Witness my hand and seal August 22d, 1885. Frances Pack. [seal.]" Plaintiff's rights were not adjudicated, and release must be by deed. *Countz* v. *Geiger*, 1 Call, 165. "A *feme covert* must relinquish her equitable as well as legal rights, separate and apart from her husband." 5 Am. & Eng. Enc. Law, pp. 912, 913, and cases there cited.

The second assignment of error, as stated, is that, "in the suit brought by the plaintiff in Boone county for dower as aforesaid, dower was assigned to the plaintiff in all the lands of her late husband, including the Raleigh

county lands involved in this suit," and refers to pages 61, 62, and 63 of the record. By reference thereto, which is the decree entered at the July term, 1891, in the several causes involving the estate of Augustus Pack, including said suit for dower, it is decreed that "said Frances Jarrell is allowed dower, in the rate of nineteen dollars forty-one and two-fifth cents, on each one hundred dollars' worth of land sold in this cause, except six thousand dollars for the land, and including the six hundred dollars aforesaid, in the Curtis branch lands, making seven thousand eight hundred and ninety-eight dollars, in which she is entitled to dower at the rate aforesaid, making the full amount of her dower at this date one thousand five hundred and thirty-three dollars and twenty-nine cents instead of two thousand five hundred and eighty-one dollars and fifty-seven cents; and said land so sold in these causes is confirmed to the purchasers thereof, respectively, free and discharged from the dower of said Frances Jarrell (formerly Pack)." The six thousand dollars mentioned in the decree as being excepted is that referred to in the fifth exception taken to the commissioner's report by W. C. Hopkins, administrator of A. Pack, in these words: "(5) To the amount of dower due Frances Jarrell, the commissioner, in allowing said dower, allowed her in the $6,000 arising from sale of the 1,900-acre tract purchased herein by W. E. Chilton, where this land is included in the trust deed in which Mrs. Jarrell joined, and by decree of this court this $6,000 has been transferred to the trustees in said trust deed, to be distributed by the United States federal court. Mrs. Jarrell's dower should be estimated on the lands sold in this cause, less the $6,000, and the amount of her dower reported in said report is therefore wrong, and should not be allowed." So that dower in this six thousand dollars was disallowed, reducing the dower so allowed for land sold in Boone county from two thousand five hundred and eighty-one dollars and fifty-seven cents to one thousand five hundred and thirty-three dollars and twenty-nine cents, as provided in the decree. Commissioner Thompson's report, upon which said decree was based, gives a list of sales and amounts of purchase money of property sold in said Boone suit, amounting in all to thirteen thousand two hundred and ninety-eight dol-

lars, from which amount is deducted the six thousand dollars in which plaintiff was not entitled to dower, leaving seven thousand two hundred and ninety-eight dollars; and adding to this last sum six hundred dollars, arising from the sale of the land called "Curtis Branch Lands," sold in said Boone suit, makes the total amount in which she was entitled to dower seven thousand eight hundred and ninety-eight dollars, all of which arose from sales of land under the Boone suits. In said commissioner's report the following reference is made to the Raleigh lands: "The copies of the proceedings of the suit in Raleigh county show that the assets arising from the sales of land made in that county amount to the sum of $7,927.75, and there has been paid to the creditors the amount of $7,283.07." So that it is made clear that plaintiff received nothing in the Boone suits on account of dower in the Raleigh lands.

The third assignment is that "the plaintiff represented to the petitioner, C. D. French, after he had purchased the said Raleigh county lands, but before he paid the purchase money therefor, that she had filed her bill in Boone county for dower in all of her late husband's lands, and that she did not intend to claim dower in the Raleigh lands purchased by him; thus inducing him to pay all the purchase money for said lands, and permitting it to be distributed to said Pack's creditors. She is estopped from setting up dower in said lands now." The circumstances of the case, the interest of the co-purchasers (the said C. D. French being a large lien creditor of Pack, to the amount of four thousand four hundred and nineteen dollars, which was paid out of the proceeds of the sale of the Raleigh lands), and the relationship of one of them (of attorney and counsel) to the plaintiff, together with the direct conflict of testimony taken and filed in the cause, fully authorize the court's finding. *Smith* v. *Yoke*, 27 W. Va. 639.

The fourth assignment is that "if she ever had any claim in the Raleigh county lands, it ought to have been assigned to her out of the unaliened lands of her husband, Augustus Pack. *Stimson* v. *Thorn*, 25 Grat. 278." The appellants rely, under this assignment, on *Stimson* v. *Thorn*; but the circumstances of this case take it without the purview of that case, because, without the fault of plaintiff, the suit

in Boone county instituted for the purpose of giving her her whole dower in all her husband's land in Boone county was not so prosecuted as to secure that end, and by the negligence of her attorney, J. M. French, who is also one of the purchasers of the Raleigh lands, the said suit failed of its purpose, and she was by said suit only endowed of his other lands, and excluding the Raleigh lands; and the court having found under the pleadings and evidence in the cause, which is contradictory, as stated, the said findings on this assignment will not be disturbed.

The fifth assignment is that "plaintiff has waived all claim to dower in said Raleigh county lands." This is simply a repetition in another form of the third assignment.

The sixth assignment is, "Plaintiff is not entitled to dower in these lands, by reason of an ante-nuptial contract made with her late husband, which is referred to in the answer of petitioner, J. M. French, and not denied by the plaintiff in this cause." It is true, such a contract is mentioned in the answer of J. M. French, but therein called a "postnuptial contract" (I presume, by mistake, as it is referred to in appellants' brief as an "antenuptial contract"), to which answer there is replication, and the proof to establish said contract wholly fails. No proof was taken to establish any such contract.

The eighth assignment is, "The decree complained of shows that it was rendered by Thomas G. Mann, Esq., but the decree does not show that he was a resident of the State, and a practicing attorney in some court in this State." The decree complained of starts out with: "It appearing that the judge of this Court is so situated as to render it improper for him to sit in this case, an election was ordered to be held by the clerk of this Court for the purpose of electing a special judge to try the same. Thereupon an election was held according to law, and Thomas G. Mann was elected special judge to try this case, and, after taking the oath prescribed by law, proceeded to hear the same, and rendered this decree." No objection was raised to his service in that capacity. If he was not properly elected, the objection should have been made then, and it is too late to raise it in this Court for the first time. *State* v. *Lowe*, 21 W. Va. 782, syl. 3.

The seventh assignment is, "The court erred upon the whole record in this case." Appellants O. D. and J. M. French object in their pleadings to the assignment of a specific sum from the value of said lands in lieu of dower set apart in kind in said Raleigh lands. *Blair* v. *Thompson*, 11 Grat. 441. "There cannot be a decree for a specific sum in lieu of dower without the assent of all the parties interested." Therefore the court erred in decreeing that plaintiff receive the sum of one thousand, two hundred and thirty-three dollars in lieu of her dower in said lands. The decree is reversed and cause remanded, with directions for such proceedings to be had therein as to assign dower in kind in said five thousand, six hundred and thirty acres of land to plaintiff.

*Reversed.*