# CHARLESTON.

STATE *ex rel.* THOS. J. WELSH *v.* HON. WARREN B. KITTLE,
JUDGE, ETC. *et el.*

Submitted January 11, 1922.   Decided January 17, 1922.

HABEAS CORPUS—PROHIBITION — *In an Order Dismissing a Pe-
tition for Habeas Corpus Ad Subjiciendum the Court Can-
not Award More Than $10 as a Statutory Attorney's Fee,
and Prohibition Will Lie to Prevent its Collection.*

A circuit court cannot include, in its order dismissing a pe-
tition for habeas corpus ad subjiciendum and awarding costs
in favor of the respondent and against the petitioner, a sum
greater than $10.00, usually designated as the statutory at-
torney's fee; and if such be done, and execution be issued
therefor, prohibition will lie to prevent its collection.

Original proceeding by the State, on the relation of
Thomas J. Welsh, against Hon. Warren B. Kittle, Judge of
the Circuit Court of Taylor County, for prohibition to pre-
vent the collection of an execution in the hands of a sheriff
issued on a judgment for costs in favor of Cora B. Welsh
and against the relator.

*Writ awarded.*

*G. W. Ford,* for relator.

LIVELY, JUDGE:

Petitioner asks for a writ of prohibition against the Judge
of the Circuit Court of Taylor County, the sheriff of that
county and Cora B. Welsh, to prevent the collection of an
execution now in the hands of the sheriff, issued on a judg-
ment for costs in favor of Cora B. Welsh and against pe-
titioner, rendered by said circuit court on the .... day of
February, 1921. Neither of the respondents named have
appeared, and no defense is made.

Petitioner alleges that he sought and obtained a writ of
habeas corpus ad subjiciendum against Cora B. Welsh, his
wife, from the Circuit Court of Taylor County in February,
1921, commanding her to bring into that court two of his
children, who as he charged, were unlawfully detained by
her from him; that upon a hearing had upon the produc-

tion of the children in court in obedience to the writ, the court remanded the children to the custody of Cora B. Welsh, dismissed his petition and rendered a judgment against him in favor of Cora B. Welsh for her costs in that behalf expended, including an attorney's fee of $20.00 to her attorney. The total costs for both the prosecution and defense as taxed by the clerk, including the taxed attorney's fee of $20.00, amounted to $34.90, and petitioner alleges that he has paid thereon the sum of $24.90; but that an execution has been issued against him for the full amount of the costs, subject to the credit to which he is entitled, and which the sheriff is proceeding to collect.

The question for decision raised by the petition is whether the court exceeded its authority and jurisdiction in pronouncing a judgment against him for more than $10.00 in addition to the costs in that proceeding.

The statute provides that there shall be included in the costs to the party prevailing, "in an action at law, not less than two and one-half nor more than ten dollars, as the court may prescribe." Sec. 13, chap. 138, Code, 1918. Costs are purely statutory; none were allowed at common law; and this court has uniformly held that prohibition will lie to judgments for costs not authorized by some statutory enactment. *Ringer* v. *Morris,* 82 W. Va. 492; *Warren* v. *Herndon,* 81 W. Va. 574; *W. Va. Central Gas Co.* v. *Holt, Judge,* 66 W. Va. 516; *Bice* v. *Telephone Co.,* 62 W. Va. 521; *Wilkinson* v. *Hoke,* 39 W. Va. 403. Also see *West* v. *Ferguson,* 16 Gratt 270. The court exceeded its legitimate powers in rendering a judgment against petitioner for more than $10.00 in addition to the costs, and where a court exceeds its legitimate powers, although it has jurisdiction of the subject matter, a writ of prohibition will lie as a matter of right; determined not by the amount in controversy, but by the excess of power.

All of the judgment for costs having been paid except that portion thereof which the court had no power to pronounce, we award the writ, but without recovery of costs in this court against the respondents.

*Writ awarded.*