# CHARLESTON.

STATE *ex rel.* ANTONIO PRESUTTI v. HON. A. J. VALENTINE, JUDGE.

Submitted January 11, 1922. Decided January 17, 1922.

1.  STATUTES—*Error in Daily Journal Held Not to Make Act Take Effect on a Different Day Than Shown by Engrossed and Enrolled Bill so as to Give Effect to Constitutional Prescription of Ninety Days After Passage.*

    When both the engrossed and the enrolled bill signed and approved by the Governor show that it was passed by both

Senate and House to take effect on a particular day, an error in the daily printed journal of one of the houses showing that it was to take effect on a 'different day, will not affect the time of the taking effect of the act as shown by the corrected journal and such engrossed and enrolled bill, so as to bring into effect the provision of section 30 of chapter 6 of the Constitution, prescribing ninety days after the passage of an act for its going into effect when no other time is provided. (p. 37).

2. PROHIBITION—*Judgment of Court Held at Unauthorized Time and Place is Void, and Enforcement will be Prohibited.*

A proceeding or judgment of a court not held at the time and place appointed by law is absolutely void and of no effect, and the enforcement of a judgment of imprisonment and for costs based on the verdict of a jury rendered at a term of court not so authorized will be prohibited. (p. 37).

Original proceeding by the State on the relation of Antonio Presutti against the Honorable A. J. Valentine, Judge of the Circuit Court of Tucker county, to prohibit the Court from proceeding to enforce a judgment convicting the relator of a felony upon the ground that the same is null and void.

                                              *Writ awarded.*

*D. E. Cuppett* and *Chas. D. Smith,* for relator.
*J. W. Harman,* for respondent.

MILLER, JUDGE:

Petitioner was indicted for a felony at the March term 1921 of the circuit court of Tucker County, and on his plea of not guilty was put on trial and found guilty by the verdict of a jury on June 17, 1921, which would have been at the regular term of said court if the law had remained as it was prior to the amendment thereof by the Legislature by an act passed April 25, 1921, effective June 1, 1921, whereby the term that was theretofore appointed to convene on the first Tuesday in June was fixed to convene on the fourth Monday in July, so that petitioner was tried and convicted, not at a special term of said court called according to law, nor at a regular term thereof, but at a term not provided for by any

law. And it is averred in the petition that subsequently, at the regular term beginning on the fourth Monday in July as provided by said amendment, petitioner was adjudged to be confined in the penitentiary for the term of three years and to pay the State the costs by her in that behalf expended.

The petitioner, having been thus tried and convicted and sentenced to a term of imprisonment, seeks by this writ to prohibit the court and the judge thereof, respondent, from proceeding to enforce against him the judgment of imprisonment and costs, upon the ground that the same is null and void.

In his return to the writ, respondent pleads and relies on the following facts and legal propositions:

First, that respondent has reason to believe that the old law was still in effect when petitioner was so tried and convicted, for the reason that the journal of the Senate, in which the bill originated, and that of the House where it was subsequently passed, are in conflict; that the Senate fixed the date for the act to take effect June 1, 1921, and the House July 1, 1921, and this being so, that the limitation of ninety days after the passage of an act before it becomes effective, prescribed by section 30, chapter 6 of the Constitution, should control.

Second, that the petitioner having had a fair trial, assisted by able counsel, at a term held in good faith, and at least under color of law, was lawfully convicted, and that the judgment on the verdict against him should stand and be enforced.

We find that the facts assumed in the first proposition are not correct. While the House journal as printed from day to day may have shown conflict with that of the Senate as stated, both the engrossed and enrolled bills, as passed and as approved by the Governor, and now on file, show plainly that the act was to take effect June 1, 1921. And moreover, the House journal as corrected and published shows that the act was to take effect as of June 1, 1921. So the first proposition of respondent is not sustained.

On the second proposition of respondent it is sufficient to say that it is well settled by the decisions of this court

and in all jurisdictions that the proceedings and judgments of courts not held at the time and place appointed by law are not merely erroneous or voidable, but are absolutely void and of no effect, and must be regarded as if nothing had been done.    Authority of law to hold term of court is essential to the jurisdiction of the court, and without this the entire proceedings become and remain coram non judice and void. *Mayer* v. *Adams,* 27 W. Va. 244; *Hamilton* v. *Tucker County Court,* 38 W. Va. 71; *Johnston* v. *Hunter,* 50 W. Va. 52; *Powhatan Coal & Coke Co.* v. *Ritz, Judge,* 60 W. Va. 395, 405. See also, *Aubour* v. *Yazoo & Mississippi Valley Railroad Co.,* (Miss.) 23 Ann. Cas. (1912-B) 179, where the cases from all the states are collected in a monographic note; 15 C. J. 977, §223, and notes. The only case contra cited by respondent, is *Venable* v. *Curd and White,* 2 Head (Tenn.) 582.    If opposed to the rule of our cases and the others cited, it stands alone, and can not be followed.

In such cases prohibition is a proper remedy.    See our cases cited above.

The writ will be awarded.

*Writ awarded.*