STATE *ex rel.* MARTIN F. FAHEY

v.

J. H. BRENNAN, JUDGE, *etc.*

(No. 10644)

and

STATE *ex rel.* WILLIAM T. FAHEY

v.

J. H. BRENNAN, JUDGE, *etc.*

(No. 10643)

STATE *ex rel.* MARTIN F. FAHEY

v.

J. H. BRENNAN, JUDGE, *etc.*

(No. 10646)

and

STATE *ex rel.* WILLIAM T. FAHEY

v.

J. H. BRENNAN, JUDGE, *etc.*

(No. 10647)

Submitted November 24, 1953. Decided December 15, 1953.

*Wm. Bruce Hoff,* for relators.

*Charles M. Love, W. W. Ingram, Don McKee, William Callahan, A. W. Petroplus, Charles P. Mead, Carl Franko-vitch,* for respondent.

BROWNING, JUDGE:

These proceedings, involving the same or similar questions, have been submitted together for decision by this Court. They are heard upon the petitions, answers, demurrers to the answers, filed in the respective proceedings, the general replications filed in each of the mandamus proceedings, the general and special replications, and the amended general and special replications filed in each of the prohibition proceedings, and upon briefs without oral argument. Due to the related identity of the issues involved in the four cases, they are consolidated for the purpose of this opinion. In the mandamus cases, rules were granted on the 2nd day of November, 1953, and in the prohibition cases, rules were granted on the 10th day of November, 1953, and all were returnable on November 17, 1953.

The questions presented relate to proceedings pending in the Circuit Court of Hancock County, instituted by rule and summons by the respondent relating to the suspension of the relators' licenses to practice law. We will not again detail the facts wherein they are repetitious, except by reference to those carefully recited in the opinions of this Court in former proceedings in the related cases of *Fahey* v. *Brennan,* 136 W. Va. 666, 68 S. E.

2d. 1, and *Fahey* v. *Brennan,* 137 W. Va.. 37, 70 S. E. 2d. 438. Each of those cases was in prohibition, and in each the original jurisdiction of this Court was invoked. In the earlier cases, the opinion of the Court was written by Judge Fox, and in the subsequent cases, the opinion was written by Judge Riley. In order to distinguish the previous decisions of this Court, it may be necessary to refer to the earlier cases as those in which Judge Fox wrote the opinion, and in the later cases as those in which Judge Riley wrote the opinion.

In the earlier cases, it was held, by a divided Court, that the Circuit Court of Hancock County had jurisdiction of the proceedings pending against the relators. In the later cases, again by a divided Court, peremptory writs of prohibition were granted against the respondent "prohibiting him from sitting or hearing and deciding said proceedings pending in the Circuit Court of Hancock County", and directing that the respondent "should either invite a judge of his own selection from another Circuit to sit and hear said proceedings or another judge should be selected by the members of the Hancock County Bar, as provided by statute."

The opinion by Judge Riley in the later cases confirms the ruling of the Court in the first cases to the effect that the Circuit Court of Hancock County had jurisdiction of the cases, although the judge of that court was prohibited from further hearing the cases.

It is now contended by relators in the prohibition cases that the earlier decisions of this Court are not necessarily the law of the cases, maintaining that they have alleged new matter not considered previously by the Court, and that while as a general rule a matter decided by this. Court becomes in effect *res adjudicata* in that case, such is not necessarily always true. The present petitions in prohibition allege as new matter that the jurisdiction of the Circuit Court of Hancock County was fraudulently invoked by the respondent, and that an organization of lawyers of Hancock County, known as the Hancock

County Bar Society, has been organized in addition to the already existing Hancock County Bar Association, the former group being alleged to be partisans of the respondent as evidenced by a resolution adopted and publicized in newspapers of general circulation in the area shortly after the granting of rules in mandamus by this Court on November 2, 1953. We are not in disagreement with the statement of Judge Miller in Pennington v. Gillespie, 66 W. Va. 643, 66 S. E. 1009, quoting from Bird v. Sellers, 26 S. W. 668, in referring to the doctrine of the "law of the case": "This is not an inexorable rule without exceptions, but has been frequently departed from, when such adjudication has been found to be wrong, not in harmony with other decisions of the court, and no injustice nor hardship would result from overruling the former decision." We have reviewed also the other cases cited by counsel for the relators upon the question in his briefs, and this Court is unanimously of the opinion that the new matter injected by the pleadings is not sufficient to bring the cases within the exception to the general rule, and hold that upon the question of the jurisdiction of the Circuit Court of Hancock County to try these proceedings, the former decisions of this Court constitute the law of the cases. However, the trial court is not thereby precluded from deciding all issues properly presented for its consideration, nor are the litigants precluded from subsequently seeking relief in this Court by appeal or writ of error to any ruling of the trial court by which they are aggrieved. To determine that a circuit court of a county has jurisdiction to try a case does not remove the necessity that there shall be presiding as judge of that court, in the trial of a particular case, a qualified judge. The jurisdiction of the court, and the eligibility of a judge to preside over it, are entirely different things.

Upon the granting of writs of prohibition in the cases wherein the opinion was written by Judge Riley, upon the ground of the disqualification of the presiding judge of the Hancock County Circuit Court, the respondent therein, as well as here, on September 9, 1952, without

the entry of a formal order, communicated with Judge Charles G. Baker of the Seventeenth Judicial Circuit relative to securing his services as special judge to preside at the trial of these cases. The trial date was tentatively set for November 13, 1952, but subsequent to the November, 1952 election, Judge Baker informed respondent that he could not serve. On January 31, 1953, an order was entered "designating" Judge Julian F. Bouchelle of the Thirteenth Judicial Circuit, who had until December 31, 1952, presided as judge of the Kanawha County Circuit Court, but had shortly thereafter become a retired judge under the provisions of Code, 51-9. Without any action having been taken by Judge Bouchelle, he died on February 16, 1953. Thereafter, on April 27, 1953, an order was entered by the respondent designating Judge Charles W. Ferguson of the Twenty-fourth Judicial Circuit to act as special judge in these cases. Judge Ferguson declined to serve sometime prior to September 30, 1953, and on the latter date, an order was entered by the respondent designating D. M. Easley, judge of the Ninth Judicial Circuit of this State, until his retirement under the provisions of Code, 51-9. An order was entered by Judge Easley setting these cases for trial on November 30, 1953, but no futher action was taken by him as special judge because of the granting of rules of mandamus by this Court on November 2, 1953, as heretofore stated. Each of the rules in mandamus of that date directed the respondent to show cause "why the order designating the Honorable D. M. Easley, retired Judge of the Ninth Judicial Circuit, as presiding Judge in the proceeding against petitioner, as alleged in the petition, should not be vacated; why in the absence of an agreement between the parties for the selection of a Special Judge, the respondent should not make arrangements with another regular Judge of a circuit court in one of the judicial circuits of this State to hear and determine the proceeding against petitioner mentioned in the petition, or in the alternative, why he should not direct the election, in the manner provided by law, of a Special Judge to hear and determine such

proceeding; and why a peremptory writ of mandamus should not be awarded against him to the extent indicated herein."

Code, 51-2-10, providing for the election of a special judge, reads as follows: "When, for any cause, the judge of a circuit court, criminal court, or other court of record of limited jurisdiction, shall fail to attend and hold the same, either at the commencement of the term, whether regular, adjourned or special, or at any time before its adjournment, or if he is in attendance and cannot properly preside at the trial of any cause therein, or if there is a vacancy in such court by reason of death or resignation, the attorneys present and practicing in such court may elect a judge by ballot to hold such court during the absence of the judge thereof, or for the trial of the cause in which such judge cannot preside, or, in case of a vacancy by death or resignation, for the remainder of the term, unless the vacancy is sooner filled. Where the judge of such court is in attendance, no such election shall be held until the same shall be directed by him, by an order entered of record reciting the cause for such election and naming the cases in which it is necessary to have a special judge; and in each of such cases at least one attorney of record, if there be one, for each party, including the prosecuting attorney in a criminal case, shall have reasonable notice in writing of the time of holding such election, which notice, with the return of service thereon, shall be filed and made part of the record in such case. No counsel or attorney in any case or cases to which the disability of the judge relates shall vote in the election of a special judge to try any case or cases named in the order of the judge of such court. The clerk of the court shall hold the election, declare the result thereof, and enter the same of record: Provided, however that the parties or their attorneys, in any case in which the judge of the court cannot properly preside at the trial thereof, may, by a writing signed by them, agree upon a judge to try, or hear, and determine the same; which agreement shall be entered of record in the proper order book of the

court, and in such case no election of a judge to try or hear and determine the case shall be held. The judge so elected or agreed upon shall, before proceeding to act, take the oath prescribed by section five, article four of the Constitution of this State; and if he is elected or agreed upon to try or hear and determine a particular case, as hereinbefore provided, he shall take the further oath that he is not interested as counsel or attorney, or otherwise, in the cause to be tried or heard and determined by him. No special judge shall be eligible to serve in any case in which he has been or may be selected to act, if at the time of such election, or afterwards while he continues to act as such special judge, the relation of attorney and client shall exist between him and any party to the cause wherein he has been or may be selected, whether such relationship shall be in a pending cause or otherwise; nor shall he appear as counsel in any case in which he has acted as special judge. For good cause shown any special judge may be removed by mandamus."

Code, 51-2-9, reads as follows: "A judge of one circuit may, by arrangement with the judge of any other circuit, or when the office of judge in any other circuit is vacant, hold the courts in any other circuit."

Code, 51-9-10, captioned "Services of Retired Judges", provides that: "Any retired judge receiving retirement benefits under the provisions hereof shall serve as special judge of any court of record of this State, except of the supreme court of appeals, when such retired judge is selected according to law to serve as such special judge in any such court of record, without charge or compensation, per diem or otherwise to him, but shall be allowed and paid his traveling expenses and other actual expenses for lodging and meals in the same manner and amounts as such expenses of judges are paid as now or hereafter may be provided for by statute."

The majority of this Court interpreted the provisions of Code, 51-9-10, as authorizing retired judges to serve as special judges in any court of record in this State, except

this Court, only when they have been selected by election as provided by the provisions of Code, 51-2-10. This Court holds, therefore, that the appointment of D. M. Easley to serve as special judge in these cases was invalid, and that he is without authority to serve as such special judge solely by arrangement with, or designation by, the respondent.

Peremptory writs of mandamus, therefore, will issue directing the respondent to enter an order setting aside his former order of September 30, 1953, by which Judge D. M. Easley was designated to act as special judge in these cases; that the respondent shall within twenty days from the date of the granting of the peremptory writs of this Court "arrange with", as provided by Code, 51-2-9, one of the regular circuit court judges of this State to try the malpractice cases against the relators, now pending in the Circuit Court of Hancock County; and that the respondent shall, within five days after the expiration of the twenty day period, subsequent to the date of the granting of the peremptory writs, report his actions therein to this Court

The writer of this opinion is not in accord with the majority of this Court in its interpretation of Code, 51-9-10, and is of the opinion that the provision therein to the effect that "when such retired judge is selected according to law to serve as such special judge." was intended by the Legislature to, and does empower such retired judge to serve as special judge by arrangement with the resident circuit judge under the provisions of Code, 51-2-9, as well as to serve as special judge under the provisions of Code, 51-2-10.

The proceedings in prohibition are continued; the peremptory writ of mandamus shall issue in each of the mandamus proceedings to the extent, and to the extent only, as set out in this opinion; the rules in prohibition heretofore granted are not discharged; and all four of these cases are continued until the further order of this Court.

*Writs in mandamus granted;*
*cases continued.*