STATE *ex rel.* PAUL E. BLACK

*v.*

E. B. PENNYBACKER, SPECIAL JUDGE, *Etc., et al.*

(No. 11071)

Submitted September 2, 1959. Decided September 22, 1959.

*Lewis D. Archer, Louis Reed,* for relator.

No appearance for respondent.

CALHOUN, JUDGE:

In this original proceeding in prohibition, Paul E. Black, the relator, seeks to have this Court prohibit Honorable E. B. Pennybacker, Special Judge of the Circuit Court of Wood County, Charles S. Ruddell, Clerk of said court, and Harriett A. Lemon, respondents, from proceeding to enforce or collect a judgment for the sum of $921.00, plus interest and court costs, in favor of Harriett A. Lemon, respondent, and against Paul E. Black, relator.

The proceeding in prohibition is predicated upon the alleged illegality of the election or selection of the special judge who sat in the trial of the case. No appearance has been made in this Court by or on behalf of the respondents. Therefore, the accuracy of the facts alleged by the relator in his petition is not challenged.

Proceeding under the provisions of Chapter 56, Article 2 of the Code, Harriett A. Lemon gave written notice to

Paul E. Black that, on April 30, 1958, she would appear before the Circuit Court of Wood County and move the court for judgment against him for the sum of $921.00, with interest and costs. Duly authenticated copies of all the several orders entered in the notice of motion for judgment proceeding are exhibited with the petition. From these orders, and from the uncontroverted allegations of the petition itself, we obtain the facts pertinent to this decision.

On April 28, 1958, plaintiff below appeared by counsel before the circuit court, and, upon her motion, the trial of the case was set for May 4, 1958.

On May 1, 1958, the parties appeared by counsel, the notice of motion proceeding was docketed, the defendant therein filed his counter-affidavit in accordance with the provisions of Code, 56-2-6, issue was joined, and the case was set for trial on May 14, 1958.

The petition alleges that on May 1, 1958, "or soon thereafter the *regular* elected and presiding Judge of said court, the Honorable Donald F. Black, announced in open court that he was related to the defendant, Paul E. Black. * * * [and] disqualified himself from further proceeding in said suit * * *." On June 11, 1958, the following order was entered:

> "This day E. B. Pennybacker, a practicing attorney of this Court, appeared in open court and took the several oaths prescribed by law as Special Judge to act in the case of Harriett A. Lemon vs. Paul E. Black, Said parties having heretofore agreed upon said Special Judge."

On October 13, 1958, an order was entered setting this case for trial on November 6, 1958. On December 1, 1958, the parties appeared by counsel and by agreement the case was "continued until December 12, 1958." On January 21, 1959, an order was entered by the regular judge allowing the special judge compensation for his services for three days at the rate of $25.00 a day. On April 27, 1959, an order was entered setting the case for trial on May 7, 1959.

On June 8, 1959, the plaintiff appeared by counsel, "and the defendant being thrice solemnly called, came not". Thereupon a jury was empanneled and sworn, "and after hearing all the evidence offered on behalf of the plaintiff, the Plaintiff moved the Court to direct a verdict for the plaintiff * * *." Such motion was sustained. At the direction of the court the jury rendered a verdict in favor of Harriett A. Lemon against Paul E. Black for the sum of $921.00 and the judgment was entered in accordance with such verdict.

It does not appear affirmatively from the record that the special judge entered any of the orders, except the final order relating to the trial of the case. Preliminary orders, of a purely formal nature, were properly entered by the regular judge. *Findley* v. *Smith et al.*, 42 W. Va. 299, 26 S. E. 370, pt. 4 syl. As a matter of fact, "a special judge should not be elected to preside in the trial of a case, until the case is pending in court." The statute, to the extent that it provides for the election or selection of a special judge for a specific case, "* * * presupposes a case in court at the time of such election." *Ropp* v. *Nadenbousch*, 100 W. Va. 599, 131 S. E. 353.

None of the orders discloses an "election" of the special judge. The order dated June 11, 1958, apparently purports to disclose that the special judge was selected by agreement, rather than by election. It contains the only language which would tend to disclose either an election of the special judge or his selection by agreement. That language is as follows: "* * * Said parties having heretofore agreed upon said Special Judge."

The relator, Paul E. Black, in his petition filed in this Court alleges: (1) That the regular judge "was in attendance at said Court and at the time the said action of Harriett A. Lemon against Paul E. Black came on for trial"; (2) that the regular judge "did not make his disqualifications to *set* as the presiding Judge in a trial of this case a matter of record", and "he made no *entrys* of record of any kind whatsoever"; (3) that the regular

judge "made no entry of record directing an election of a Special Judge to conduct the trial"; (4) that neither the relator nor "his attorney of record had any notice of the election, appointment or selection of a Special Judge to preside in the trial"; (5) that no such "notice was made a matter of record in said suit"; and (6) that at no time did relator "or his attorney agree in writing upon a Judge to try or hear and determine the case." The petition further alleges "that the said Honorable E. B. Pennybacker, Special Judge, had no authority to *set* in and conduct said trial in said case", and that "his actions, rulings and judgment *is* void in law."

Article VIII, Section 15 of the Constitution of this State directs the legislature to "provide by law for holding regular and special terms of the circuit courts, where from any cause the judge shall fail to attend, or, if in attendance, cannot properly preside." The statute enacted in pursuance thereof in its present form is Code, 51-2-10. It is quoted in full in the recent case of *State ex rel. Fahey* v. *Brennan,* 139 W. Va. 122, 127, 79 S. E. 2d 109, 112, 113.

In general terms the statute provides for the election of a special judge by attorneys present in court and practicing therein; and also provision is made therein for the selection of a special judge for a particular case by agreement of the parties or their attorneys "by a writing signed by them, * * * which agreement shall be entered of record in the proper order book of the court, and in such case no election of a judge to try or hear and determine the case shall be held."

In the case of *State* v. *Lowe,* 21 W. Va. 782, the third point of the syllabus is as follows:

> "Where a person other than a regular judge has tried a case below, and no objection was made on the trial to his authority, and the record is silent as to the mode of his appointment or selection, no objection to his authority can be raised in the appellate court for the first time, provided, that under the Constitution and laws

he could have been elected or appointed to sit as judge in such case, as the appellate court will in such case presume, that he was legally elected or appointed."

Substantially the same language is found in the first point of the syllabus of the case of *Winans* v. *Winans,* 22 W. Va. 678. In the case of *Jarrell* v. *French et al.,* 43 W. Va. 456, 27 S. E. 263, the third point of the syllabus of *State* v. *Lowe, supra,* was approved.

By Chapter 49 of the Acts of 1897, the legislature amended and reenacted the statute dealing with the election or selection of special judges. By reason of this amendment and reenactment, the italicized language appearing below was made a part of the statute for the first time:

> "* * * *Where the judge of such circuit court is in attendance no such election shall be held until the same shall be directed by him, by an order entered of record reciting the cause for such election and naming the cases in which it is necessary to have a special judge; and in each of said cases, at least one attorney of record, if there be one, for each party, shall have reasonable notice in writing of the time of holding such election, which notice with the return of service thereon, shall be filed and made part of the record in each case.* * * * Provided, however, That the parties or their attorneys in any case in which the judge of the court cannot properly preside at the trial thereof, *may by a writing signed by them,* agree upon a judge to try, or hear, and determine the same; * * *."

Such language is continued in the present statute. In the case of *State* v. *Cross,* 44 W. Va. 315, 29 S. E. 527, the first decision of this Court construing the statute after the amendment and reenactment in 1897, Judge Brannon points out the more stringent requirements of the newly amended statute. It is pointed out in the opinion of the Court that the statutory provisions "are not merely directory, but mandatory". In the eighth point of the syllabus it is held that, in the absence of a sub-

stantial compliance with the statute, as disclosed by the record, "the special judge has no authority or jurisdiction, and his proceedings are void."

In the case of *White* v. *Sohn*, 65 W. Va. 409, 64 S. E. 442, it was held that an objection to the election of a special judge could not be raised in this Court for the first time in the absence of a disclosure from the record that he was illegally elected. In support of that proposition, the cases of *State* v. *Lowe, supra; Jarrell* v. *French, supra;* and *State* v. *Newman*, 49 W. Va. 724, 39 S. E. 655, were cited.

The rule fairly deducible from the foregoing decisions is that where a case is heard by a special judge in the trial court, an objection to his election or selection made for the first time in this Court will not be considered, unless it appears affirmatively from the record that such election or selection was illegal, provided, that under the Constitution and laws of this State he could have been lawfully elected or selected. In the absence of such affirmative showing from the record, it will be presumed that the statutory requirements were followed, and that he was lawfully elected or selected. On the other hand, where it appears affirmatively from the record that the special judge was not legally elected or selected, the question, being jurisdictional, may be raised for the first time in this Court. This appears to accord with the general rule in other jurisdictions. 144 A.L.R. 1219; *Smith* v. *White*, 107 Va. 616, 59 S. E. 480. It also accords with the general rule in all situations that the presumption in favor of jurisdiction of a court of general jurisdiction does not obtain when the record discloses an absence of jurisdiction. *Lieberman* v. *Lieberman*, 142 W. Va. 716, 734, 98 S. E. 2d 275, 286; *George* v. *Kittle*, 102 W. Va. 613, 618, 135 S. E. 900; and *Dolan* v. *Hardman*, 126 W. Va. 480, 489, 29 S. E. 2d 8.

In the case presently being considered, however, all of the orders entered in the circuit court are exhibited with the petition, and from such record it appears affirma-

tively that there was no compliance with statutory requirements relating to the election of a special judge. *State ex rel. Bank* v. *Amos,* 100 W. Va. 555, 131 S. E. 264.

Likewise it appears affirmatively from the record that the special judge was not lawfully selected by agreement. In order that a special judge may be selected by agreement, the statute requires that the agreement shall be in writing, signed by the parties or their attorneys, and entered of record in the proper order book of the court. The record discloses a failure to comply with these requirements. This Court has held that such statutory requirements relating to the selection of a special judge by agreement are mandatory. *Brown* v. *Miller,* 103 W. Va. 282, 287, 137 S. E. 227, 229.

Where it appears affirmatively from the record that the special judge has not been lawfully selected by agreement or elected, he "has no authority or jurisdiction, and his proceedings are void." *State* v. *Cross,* 44 W. Va. 315, pt. 8 syl., 29 S. E. 527. Prohibition lies as a matter of right in all cases "when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." Code, 53-1-1; *Morris* v. *Calhoun,* 119 W. Va. 603, 195 S. E. 341; *State* v. *Valentine,* 90 W. Va. 35, 110 S. E. 445; *State* v. *Kittle,* 90 W. Va. 19, 110 S. E. 438; *Bice* v. *Boothville Telephone Co.;* 62 W. Va. 521, 59 S. E. 501; *Eastham* v. *Holt,* 43 W. Va. 599, 27 S. E. 883. Prohibition lies to prevent an attempt to enforce a void judgment. *State* v. *Knapp,* 143 W. Va. 896, 105 S. E. 2d 569.

For the reasons stated the writ will be awarded.

*Writ awarded.*