# CHARLESTON.

STATE *ex rel* THE FIRST NATIONAL BANK OF FAIRMONT *et al*

*v.*

FRANK R. AMOS, *as Special Judge of the Circuit Court of Marion County et al*

(No. 5551)

Submitted November 10, 1925. Decided January 13, 1926.

JUDGES—*Notice of Election of Special Judge Must be Issued by Clerk of Court, and Served on at Least One of Attorneys of Record, if There be Any, for Each Party, Giving Them Reasonable Opportunity to Attend.*

Section 11, Chapter 112, Code, provides that if the regular judge cannot properly preside at the trial of any cause, (a) the attorneys present and practicing in the court may elect a judge for that purpose, after the regular judge shall have entered of record an order reciting the cause and naming the case in which it is necessary to elect a special judge, and at least one attorney of record, if there be one, for each party, shall have had reasonable notice in writing of the time of holding the election therefor; and (b) that the clerk of the court shall hold, and declare the result of, the election and enter the same of record. Notice stating the time, place and cause for holding such election must be issued by the clerk of the court and served upon at least one of the attorneys of record, if there be any, for each party, in such manner as to give them reasonable opportunity to attend.

(Judges, 33 C. J. § 220 [Anno.]).

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

100 W. Va.

Original proceeding by the State, on the relation of the First National Bank of Fairmont and others, petitioners, for prohibition, to be directed to Hon. Frank R. Amos, Special Judge of the Circuit Court of Marion County, and others.

*Writ awarded.*

*Charles Powell* and *Kemble White,* for petitioners.
*E. M. Showalter,* for respondents.

LITZ, PRESIDENT:

The relators by petition seek a writ of prohibition against the respondent, Frank R. Amos, as special judge in a chancery cause originally brought by the First National Bank of Fairmont and certain named persons, constituting its liquidating committee, against Henry F. Smith and others, as former directors of said bank, pending in the circuit court of Marion county.

In August, 1915, the Monongahela Bank of Fairmont and other banks of the city of Fairmont orally agreed with The National Bank of Fairmont to aid it in providing funds to meet the obligations of The First National Bank of Fairmont in order to prevent it from being closed by the Comptroller of the Currency. On October 1, 1915, the Monongahela Bank of Fairmont agreed in writing with The National Bank of Fairmont to pay four per cent. of the liabilities of The First National Bank of Fairmont, theretofore assumed by The National Bank of Fairmont. On March 14, 1917, the representatives of the several banks interested in the settlement of the obligations of The National Bank of Fairmont, directed the institution of the above mentioned suit, the object of which is to recover of the former directors of The First National Bank of Fairmont losses sustained by it on account of the alleged negligent performance of their duties. Later, the petitioner, The National Bank of Fairmont, was added to the parties plaintiff by an amended bill. On December 31, 1924, Monongahela Bank of Fairmont and The National Bank of Fairmont entered into a second contract in writing

whereby the latter, in consideration of $8,000.00, agreed to release the former from its obligations assumed under the contract of October 1, 1915.

The respondent Frank R. Amos is, and for several years has been, a director of and attorney for the Monongahela Bank of Fairmont. Because of the alleged interest of the Monongahela Bank of Fairmont in the result of the suit and the alleged irregularities in the election of said Frank R. Amos, as special judge in said cause, the petition prays that he be prohibited from acting in such capacity. It is apparently conceded that by reason of his connection with the Monongahela Bank of Fairmont any interest on its part in the litigation would disqualify him as special judge in the cause; but respondents contend that all interest of the Monongahela Bank of Fairmont in the litigation terminated with the execution of the contract of December 31, 1924. Having reached the conclusion that the election of respondent Frank R. Amos as such special judge was irregular, it becomes unnecessary to consider the question of interest.

Section 11, Chapter 112, Code, provides that if the regular judge cannot properly preside at the trial of any cause, the attorneys present and practicing in the court may elect a judge for that purpose; such election to be held after it shall have been directed by order of the regular judge, entered of record, reciting the cause for such election and naming the case in which it is necessary to have a special judge. The statute further requires that at least one attorney of record, if there be one, for each party, shall have reasonable notice in writing of the time of holding such election, which notice, with the return of service thereon shall be filed and made a part of the record in the case; and that the clerk of the court shall hold, and declare the result of, the election and enter the same of record.

On May 11, 1925, the regular judge entered an order reciting that he was disqualified by reason of relationship and interest in the subject matter to hear the cause, and directing: (1) that a special judge be elected for that purpose, and (2) that at least one attorney of record, if there be one, for each party, be given reasonable notice in writing of the time of

holding such election. Thereafter a notice, signed by one of the defendants to the suit and directed to all the parties except the plaintiff, The National Bank of Fairmont, and one of the defendants, advised merely that on June 9, 1925, at the hour of ten o'clock A. M., in the circuit court room of Marion county an election would be held to elect a special judge to preside at the trial and hearing of said cause. This notice was served on attorneys representing the parties therein named. At an election held by the clerk of the court at the time and place specified in the notice the respondent Frank R. Amos was elected special judge in said cause. The validity of his election is questioned because the notice was not issued by the clerk, and for the further reason that it failed to name all the parties to the suit.

As already observed, the statute requires: (1) that the regular judge enter an order directing the election of the special judge; (2) that reasonable notice in writing thereof be given to at least one attorney of record, if there be one, for each party; and (3) that the clerk shall hold the election, declare the result and enter the same of record. Who, except the clerk of the court, is to execute the mandate of the regular judge calling the election? He should certainly be the one to issue notice of an election to be conducted by himself. No duty is enjoined upon any of the litigants to move for such election and yet, according to the plain intent of the statute, where the regular judge is disqualified to preside at the trial of any cause, a special judge for the purpose shall forthwith be selected. Not only this, but if the execution of the order of election is left to the pleasure and will of the parties, any one of them who should take it upon himself to give the notice might do so in such manner as to gain an advantage for himself.

We have seen that the notice is directed to only a part of the litigants. It fails to state that the regular judge had entered an order reciting his disqualification and directing the election of a special judge. In other words, it purports to give notice to some of the parties only, without stating any reason for the election of a special judge in the case. As the statute must be given an interpretation, in the interest of

fairness and orderly procedure we think proper notice call-
ing the election for the selection of a special judge must be
issued by the clerk and served in such manner as to give to
counsel representing the parties reasonable opportunity to at-
tend the election.

For the reason stated the peremptory writ will be awarded.

*Writ awarded.*