# CHARLESTON.

R. C. Ropp v. The Hon. A. C. Nadenbousch, *Special Judge*

(No. 5434)

W. O. Ditto v. The Hon. A. C. Nadenbousch, *Special Judge*

(No. 5435)

Submitted January 13, 1926.     Decided January 19, 1926.

Judges—*Election of Special Judge on Mere Presentation of Petition to Remove Officer Held Invalid.*

Under Section 11, Chapter 112 of the Code, a special judge

should not be elected to preside in the trial of a case, until the case is pending in court.

(Judges 33 C. J. § 215.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Separate original proceedings by R. C. Ropp and by W. O. Ditto, for prohibition, to be directed to Hon. A. C. Nadenbousch, Special Judge.

*Writs awarded.*

*Kilmer & Byrer,* for petitioners.
*A. C. Nadenbousch,* in pro. per.

HATCHER, JUDGE:

On April 25, 1925, H. R. Keshner *et al.* tendered a petition to the circuit court of Berkeley County, wherein they charged R. C. Ropp, who was a member of the Board of Education of one of the districts in said county, with official misconduct, and prayed for his removal from office. The Hon. Decatur H. Rogers, the regular judge of said court, announced that he could not properly preside in the trial of the charges made by the petitioners against Ropp and directed that an election of a special judge to preside in the case be held. The clerk immediately held such election, at which the Hon. A. C. Nadenbousch was selected as such special judge.

The special judge then appeared, took the oath prescribed by law, filed the petition, had the charges therein entered of record and directed a summons to issue requiring Ropp to appear before the Court on May 4, 1925, and answer the petition.

Ropp appeared specially before the special judge on the designated day and moved to quash the summons and the proceedings against him, because of the Court's lack of jurisdiction. The special judge overruled the motion, to which ruling Ropp excepted. Ropp then applied to and secured from this court an alternative writ of prohibition against the special judge.

The initial proceedings for the removal of a district officer are prescribed in Sec. 7, Ch. 7, of the Code as follows: "The charge against any such officer shall be reduced to writ-

ing and entered of record by the court, and a summons shall thereupon be issued by the clerk of such court containing a copy of the charge and requiring the officer named therein to appear and answer the same on a day to be named therein." The duty of the court in this respect is *ministerial*, being merely to enter a formal order designed "to advance the cause towards a final hearing." The interest of the regular judge in the Ropp charges may have been such as to prevent his hearing the case upon its merits, but he was qualified to have the charges entered on the record and to have the summons issued against Ropp. *Findley* v. *Smith,* 42 W. Va. 299. Then on the return day of the summons, or whenever thereafter *judicial* action was required, a special judge should have been elected.

The election of a special judge to try a case in which the regular judge of a circuit court cannot properly preside is governed by Section 11, Ch. 112 of the Code. This section presupposes a case in court at the time of such election. The statute does not contemplate the election of a special judge in advance of a suit actually brought, merely because one purposes or offers to start an action. It requires the regular judge in his order calling the election to name *the case* in which it is necessary to have a special judge. *The case* referred to must be *in esse,* not *in posse.* The statute also requires that "at least one attorney of record, if there be one, for each party, shall have reasonable notice in writing of the time of holding such election." One does not have an *attorney of record* before a suit is actually brought. While the election of a special judge may not be delayed or prevented by failure to have an attorney of record, yet the statute assuredly contemplates that a litigant shall be given the opportunity of having representation in a matter as important to him as the election of a judge who is to determine his case. The mere presentation of the petition against Ropp did not, under the statute, make a case in court against him. Consequently, the election of the special judge upon the mere presentation of the petition, being before there was a *case* in

court and before Ropp had the opportunity to secure an attorney, was inopportune and invalid.

The writ will therefore issue as prayed for.

*Writ awarded.*

The same facts appear in *Ditto* v. *The Hon. A. C. Nadenbousch,* and a like writ will also issue in that case.

*Writ awarded.*