# CHARLESTON.

C. L. Brown *et al. v.* Lewis H. Miller, *Special Judge et al.*

## (No. 5902)

Submitted February 16, 1927.   Decided March 1, 1927.

1.   Judges—*Order Held not to Show Legal Election of Special Judge (Const. Art. 8, § 15; Code, c. 112, § 11).*

Syllabus, *State* v. *Amos, Judge,* 100 W. Va. 555, relating to the election of a special judge in a cause wherein the regular judge cannot properly preside, as provided for in § 11, Ch. 112, Code, approved and applied.   (p. 280).

(Judges, 33 C. J. § 220.)

2.   Same—*Written Agreement by Parties or Attorneys Selecting Special Judge Should be Entered of Record in Proper Order Book of Court; Party, not Present in Person or by Attorney, Was not Bound by Election or Purported Agreement of Attorneys Selecting Special Judge (Const. Art. 8, § 15; Code, c. 112, § 11).*

However, where in such case the parties desire to select a special judge by agreement, instead of by election, under said § 11, Ch. 112, Code, they, or their attorneys, shall by writing, signed by them, agree upon a judge to try, or hear and determine the same, and said agreement shall be entered of record in the proper order book of the court.   (p. 282).

(Judges, 33 C. J. §218.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by C. L. Brown and J. E. Carson for prohibition to be directed to Hon. Lewis H. Miller, Special Judge of the Circuit Court of Jackson County, and others.

*Writ awarded.*

*George Poffenbarger, Nathan Simpson Poffenbarger,* and *J. Luther Wolfe,* for petitioners.

*T. J. Sayre* and *K. K. Hyre,* for respondents.

Woods, Judge:

Petitioners, C. L. Brown and J. E. Carson, seek a writ of prohibition to inhibit and restrain Hon. Lewis H. Miller, special judge of the circuit court of Jackson county, from presiding and sitting in the chancery cause, pending in said

county, instituted by S. B. Sayre, sheriff, and as such, executor de bonis non of the estate of Anna H. Brown, deceased, and W. J. Brown, against said petitioners and others, now revived in the name of C. E. Baker, sheriff, etc., as administrator, etc., and still pending in said court, and from hearing and deciding the same or any of the issues arising therein.

It appears that on the 16th day of April, 1926, the regular judge of said circuit court entered an order upon its records certifying his disqualification to preside and hear and determine the said cause, and thereupon the same day the said Miller, a member of the bar of said court, was designated, in the same order, as having been elected as special judge to preside and sit in and hear and determine the said cause, and also as having been agreed upon by the attorneys representing the parties thereto, as such judge. Brown, on December 7, 1926, moved said circuit court to file his petition, praying that said judge vacate the bench for the reasons (1) that the statutory requirements respecting his election and selection to hear and determine the controversy had not been complied with, and (2) that he was ineligible to serve as such special judge. At the time of such recusation, according to the return of respondent, ''no orders had been entered in said cause * * * determinative of the merits therein, but * * * most of the orders that had been made and entered therein were orders of course and not adjudication of issues involved in said chancery cause; and that the cause had not been submitted to the respondent upon the merits for final determination.'' On objection, the petition aforesaid was stricken from the record, and the court adjourned to December 21, 1926. A few days before the latter date, this rule in prohibition was awarded.

The first question raised is whether the mandate of the statute, relating to the selection and election of special judges, has been complied with. Besides the judges who are called to act outside of their territorial jurisdiction, and who become, for the time being, special, as distinguished from resident or regular judges, provision is made, by statute, in many of the states, for the election or appointment of a

member of the bar to perform the duties of judge in a particular case, or cases, or for a temporary period. The decisions are in accord with the doctrine that the authority to elect or appoint an attorney to perform the duties of a judge, and his powers when appointed, depend wholly upon the statutory provisions which differ in the several states. Our constitution provides that the legislature shall provide by law for special judges where from any cause the judge shall fail to attend, or, if in attendance, cannot properly preside. Art. VIII, §15, Constitution. Under this authority the Legislature enacted §11, Chap. 112, Code, dealing with this subject. This section provides that if the regular judge cannot properly preside at the trial of any cause, the attorneys present and practicing in the court may elect a judge for that purpose; such election to be held after it shall have been directed by order of the regular judge, entered of record, reciting the cause for such election and naming the case in which it is necessary to have a special judge. The statute further requires that at least one attorney of record, if there be one, for each party, shall have reasonable notice in writing of the time of holding such election, which notice, with return of service thereon, shall be filed and be made a part of the record in the case; and that the clerk of the court shall hold, and declare the result of, the election and enter the same of record. But the same statute contains the proviso, however, "That the parties or their attorneys, in any case in which the judge of the court cannot properly preside at the trial thereof, may by a writing signed by them agree upon a judge to try or hear and determine the same, which agreement shall be entered of record in the proper order book of the court, and in such case no election of a judge to try or hear and determine the case shall be held." Both of these methods are involved in this controversy. So much of the order pertinent to the issue here, after stating the disqualification of the regular presiding judge, is as follows: "And which election being held in all respects and as provided in §11, of chapter 112, of the code of this State, resulted in the election of Lewis H. Miller, a practicing attor-

ney at the bar. Thereupon the said Lewis H. Miller being notified of his election as such special judge in said cause, appeared in open court and took the several oaths prescribed by law, and immediately entered upon the discharge of his duties as special judge, in the above styled cause. And all the parties to this suit being present in court, agreed to selection and election of said Miller, as special judge, and waived all notices, and agreed that said Miller should hear and determine this cause.''

It is apparent that the order attempts to recite the fact of not only an election under the statute, but an agreement under the statute, the latter course making the question of whether there was a valid election immaterial. Does the order show either an election or an agreement? As already observed, the statute requires (1) that the regular judge enter an order directing the election of a special judge; (2) that reasonable notice in writing thereof be given to at least one attorney of record, if there be one, for each party; and (3) that the clerk shall hold the election, declare the result and enter the same of record. The record discloses the fact that no order was entered reciting the disqualification of the judge, reciting the cause for such election, etc., *before the election.* While by recitation it is implied that the statute was complied with in every respect, the order contains the positive evidence that the *notice required by the statute* to be given to the attorneys of record in the case *was not given* by the averment that ''all parties to this suit being present in court agreed to selection and election * * * and waived all notices.'' However, this question of notice would not arise provided there was a valid agreement under the second method permitted by the statute. Here the order itself shows that the requirements of the statute have not been met—in fact, that no such agreement was signed by the parties, or their counsel, and enrolled on the proper order book.

Where the constitution, as here, prescribes a mode of selection of a substitute or special judge, it excludes other modes of selection. Work's Courts & Juris. 389; 12 Am. & Eng. Ency. L. 25, citing *State* v. *Phillips,* 27 La. An. 663; *State* v.

*Fritz,* 27 La. An. 689; *State* v. *Judge,* 9 La. An. 62; *Hayes* v. *Hayes,* 8 La. 468. This Court, in interpreting the statute in question, has applied the last stated rule. In *State* v. *Cross,* 44 W. Va. 323, Judge BRANNON deals with this subject in trenchant words: "Observe that these directions are not merely directory, but mandatory, because the statute is prohibitory. It prohibits an election without a previous order by the regular judge. He is to say whether it is necessary. He, as a public sworn official, is to say whether it is proper to charge the public treasury with the costs of a special judge. So the law is writ, whatever be the reason." This pronouncement has been adhered to in subsequent decisions in the application of this statute. A writ of prohibition was awarded by this Court prohibiting a special judge from acting where the order failed to show that one of divers parties to the cause had reasonable notice in writing of the time of holding the election therefor. *Bank* v. *Amos,* 100 W. Va. 555. The necessity of such notice is emphasized in *Ropp* v. *Nadenbousch,* 100 W. Va. 599. So, we are compelled to decide that there was neither a valid election or agreement.

The statute in question also provides that "for good cause shown any special judge may be removed." The facts here bring this case within the rule announced in former decisions of this Court, that, where such election or selection of a special judge is not evidenced substantially in the manner prescribed by the statute, any party to a cause, being entitled to a valid and unimpeachable decision, binding on all parties, is entitled to prevent his sitting in the case. *Bank* v. *Amos, supra; Ropp* v. *Nadenbousch, supra.*

It is urged, however, by counsel for respondent, that although the special judge was wanting in authority to sit and take part in the decision of this cause, yet having done so at the solicitation of the petitioners, and in fact by agreement of all parties concerned in the case, such consent warranted the judge in acting, and constituted a waiver, and is an answer to the rule of prohibition. No matter how much merit there is in this contention as to Brown, we find that his co-petitioner, Carson, denies that he was present at the time of the election, either in person or by counsel, and further avers that he never

agreed to the special judge. The recital in the order to the contrary is of no evidential force by reason of the fact that the statute was not complied with in the making of such an agreement. Its mandatory provision that such agreement must be in writing and signed by the attorney of record for each litigant interested and spread upon the record, was ignored. Since Carson was not present at the date of the election, did not agree as the record implies, it follows that he was not bound by either the election or the purported agreement, unless his subsequent appearance in the cause constitutes a waiver. Under the circumstances of this particular case, we cannot hold that Carson has waived his right to invoke prohibition. While in such case such right must be seasonably made, the return of the special judge heretofore quoted is a sufficient answer in the affirmative.

Being convinced, as we are, that the rule of construction heretofore placed on this statute is sound and wise, and must be applied in this case, our only reluctance in so doing is occasioned by the fact that its application prevents us from upholding the election of the special judge, whose high character as a man, ability as a lawyer, and fitness for the post, is known and appreciated by this Court.

For the reasons stated, the writ will be awarded.

*Writ awarded.*