MARTHA LOU BRINKLEY

*v.*

ROY EDWARD BRINKLEY, JR.

(No. 12174)

Submitted January 22, 1963.     Decided February 12, 1963.

558

*John A. Mosesso,* for appellant.

*Bonn Brown,* for appellee.

BERRY, PRESIDENT:

This case involves a divorce action instituted in the Circuit Court of Randolph County on February 6, 1961. The plaintiff, Martha Lou Brinkley, was married to the defendant, Roy Edward Brinkley, Jr., in Elkins, West Virginia on June 7, 1958, while both were or had been recent students in schools located in the State of Virginia. The plaintiff had lived in Elkins, West Virginia all of her life prior to the marriage. After the marriage they owned a home in Richmond, Virginia, where the defendant taught school. The couple had two children and the plaintiff had personal property located in their home in Richmond. The plaintiff came to Elkins, West Virginia, to visit her parents on December 27, 1960 and never returned after that to their home in Richmond. A summons was issued when the action was instituted on February 6, 1961, but an order of publication was not obtained and published until March 23, 1961, and the clerk did not mail a copy of the summons to the known address of the defendant in Richmond until May 4, 1961, in order to comply with the provisions of Rule 4 (e) of the West Virginia Rules of Civil Procedure. The defendant, by his attorney, filed a motion to dismiss on jurisdictional grounds under Rule 12 (b) R.C.P. on April 17, 1961, within the thirty day period allowed by Rule 12 (a) R.C.P. when service is by publication under Rule 4 (e) R.C.P.

Before any hearing on this motion, the Judge of the Circuit Court of Randolph County disqualified himself because of his long friendship with the plaintiff's father, the Clerk of the County Court of Randolph County, and as a consequence, a meeting of the Randolph County Bar was called by the regular judge for the purpose of electing a special

judge to hear this case. The circuit judge advised the attorney for the defendant by telephone of the proposed meeting a few days before the date of the meeting, and on the day the bar met in Elkins he was served with an unsigned copy of an order calling the meeting. The record prepared by the clerk and transmitted to this Court shows the entire record in this case, as there is no stipulation with regard to the omission of any part thereof, and does not include an order of the circuit court calling such meeting reciting the cause for such an election and the cases to be tried by a special judge as required by Code, 51-2-10, as amended.

The meeting called to elect a special judge was presided over by the regular circuit judge and objections to and motion in connection with the election of a special judge by the attorney for the defendant, because said election did not conform with the provisions of the statute, Code, 51-2-10, as amended, were all overruled by the regular circuit judge. Thirteen of the eighteen members of the Randolph County Bar were listed in the record as being present for this meeting and the record indicates that all but three of the attorneys disqualified themselves for various reasons.

Apparently no ballot was taken, as required by statute, and the special judge was selected by a process of elimination, and although the statute requires that the clerk of the circuit court shall hold the election, declare the results thereof and enter the same as of record, the only action taken on the part of the clerk as indicated by the record in this case was when the circuit judge directed the clerk as follows: "All right, Mr. Clerk. Make the declaration.", to which the clerk replied, "All Right. Mr. A. E. Fiorentino has been elected."

On July 26, 1961, the special judge overruled the defendant's motion to dismiss by an opinion which was received by the attorney for the defendant on July 28, 1961. On July 31, 1961, the special judge conducted a final hearing, granted a divorce to plaintiff, awarded custody of the children to plaintiff and directed the non-resident defendant to pay $150.00 per month for the support of the children, all of which was done in an ex parte proceeding. On August 4,

1961, the defendant filed an answer denying allegations in plaintiff's complaint and on August 10, 1961, the defendant filed a motion for a new trial under Rule 59 R.C.P. on the grounds that the hearing on the merits was held prior to the expiration of the time allowed for the filing of an answer by the defendant. A motion was also made to amend and alter the judgment, all of which was done as provided for and within the time allowed under Rule 59 R.C.P.

It might be well to state that regardless of the proceeding in connection with the selection of the special judge, the record indicates from the pleading and proof, that the Circuit Court of Randolph County did not have jurisdiction to entertain the case at the time the action was instituted in that Court and it should have been dismissed upon the defendant's motion for that purpose in order to avoid the possibility of the granting of an invalid divorce and later causing extreme embarrassment. Code, 48-2-8, as amended; *Blankenship* v. *Blankenship*, 125 Va. 595, 100 S. E. 538; *Sutton* v. *Sutton*, 128 W. Va. 290, 36 S. E. 2d 608; *Hartman* v. *Hartman*, 132 W. Va. 728, 53 S. E. 2d 407.

The pleading did not allege that the plaintiff had been a resident of this state for at least one year next preceding the commencement of the action, which is a jurisdictional requirement. Code, 48-2-8; *Parks* v. *Parks*, 109 W. Va. 138 153 S. E. 242. The record does not contain a proper amendment to such pleading. See Rules 81 (a) (2), 15 (a), R.C.P.; Trial Court Rules for Trial Courts of Record, Rule V (d); *Jennings* v. *McDougle*, 83 W. Va. 186, 98 S. E. 162. The proof shows that the parties had lived in Richmond, Virginia, for at least one and one-half years, where they jointly owned a home and the defendant worked. The wife's domicile follows the husband and the pleading and proof clearly show that he is a resident of Richmond, Virginia. *Hartman* v. *Hartman, supra.* The proof shows that the plaintiff returned to Elkins in December, 1960, and instituted the divorce action in February, 1961. It is also clear from the record presented here that the hearing on the merits was held and the divorce granted before the case was matured for hearing on the merits. The motion to dismiss was made under Rule

12 (b) R.C.P. and the defendant had ten days after the court overruled said motion to file his answer. See the last sentence of Rule 12 (a) R.C.P. However, the special judge held a hearing on the merits and disposed of the entire proceeding less than ten days after ruling on the motion.

It should also be pointed out that the selection of the special judge was made before service of process by order of publication was obtained or completed in this case as required by Rule 4 (e) R.C.P. See *Ropp* v. *Nadenbousch,* 100 W. Va. 599, 131 S. E. 353. Then, too, criticism was directed at the attorney for the defendant because of his objections to the proceeding to select a special judge, notwithstanding the fact that the objections were well taken and it was not only his right to make such objections but it was his duty to do so.

Because of the situation disclosed by the record in this case, it would have been better for all parties concerned and in order to avoid any embarrassment to any person connected with this case if the Judge of the Circuit Court of Randolph County had sustained the motion of the attorney for the defendant to arrange for another circuit judge to hear the case under provisions of Code, 51-2-9, as amended, or with or without motion to have removed the action and transferred the papers to another circuit as provided for in Code, 56-9-1, 2 and 3, as amended. See *Hunter* v. *Beckley Newspaper Corp.,* 129 W. Va. 302, 309, 40 S. E. 2d 332, 336.

The only matter necessary to be considered for the disposition of the judgment rendered in this case is the procedure in connection with the election of the special judge. The statute providing for such elections, Code, 51-2-10, as amended, is a prohibitory statute and the provisions contained therein are mandatory and not merely directory. *State* v. *Cross,* 44 W. Va. 315, 29 S. E. 527; *Brown* v. *Miller,* 103 W. Va. 282, 137 S. E. 227. It was held in the *Cross* case that if the regular judge is present holding court an order must be entered reciting the facts specified in the act and where the record shows the absence of such an order the special judge has no authority or jurisdiction and the entire proceedings are void.

The record in this case certified to this Court by the Circuit Clerk of Randolph County shows the absence of any such order. The statute in question, Code, 51-2-10, as amended, provides that the attorneys of record shall have reasonable notice in writing of the time of the holding of such election, which written notice with return of service thereon must be filed and made a part of the record in such cases. The record in the instant case contains no such written notice which has been held to be a mandatory requirement. *State ex rel. First National Bank of Fairmont* v. *Amos*, 100 W. Va. 555, 131 S. E. 264; *Brown* v. *Miller*, 103 W. Va. 282, 137 S. E. 227. It was held in the *Amos* case that such written notice must state the time, place and cause for holding such election and that it must be issued by the clerk of the court and served upon at least one of the attorneys of record, if there be any, for each party. Inasmuch as the record in the case at bar does not show that either a written notice was issued by the clerk and served on counsel for the respective parties or a proper order entered, there was no valid election of the special judge and the entire proceedings are void. *State* v. *Cross*, 44 W. Va. 315, 29 S. E. 527; *State ex rel. First National Bank of Fairmont* v. *Amos*, 100 W. Va. 555, 131 S. E. 264; *Brown* v. *Miller*, 103 W. Va. 282, 137 S. E. 227; *State ex rel. Black* v. *Pennybacker*, 144 W. Va. 612, 110 S. E. 2d 265.

For the reasons stated herein, the judgment of the special judge for the Circuit Court of Randolph County is reversed and the case is remanded to the Circuit Court of Randolph County for proper disposition.

*Reversed and remanded.*