STATE *ex rel.* KENNETH REID CANADA

*v.*

H. L. HATFIELD, *Sheriff of Wyoming County, West Virginia*

(No. 14547)

Decided September 25, 1979.

*Charles R. Garten, Jr.,* for relator.

*Chauncey H. Browning,* Attorney General, *Frances W. McCoy,* Assistant Attorney General, for respondent.

PER CURIAM:

This original proceeding in Habeas Corpus was heard the 5th day of September, 1979, upon a writ issued by this Court June 14, 1979. The matter was considered on the petition, respondent's answer and upon the written briefs and oral arguments of both parties.

After considering all of the foregoing matters, the Court makes the following findings:

The relator was found to be in contempt of the Circuit Court of Wyoming County by reason of the fact that he was $3,685.00 in arrears on child support payments previously ordered by the court. The court ordered the relator's imprisonment "until he has purged himself of contempt or until further order of the Court."

The relator's evidence consisted of his testimony which was in part corroborated by other testimony in his behalf. The evidence showed that because of poor health the relator had, in April 1977, quit his job as a coal miner. He suffered from alcoholism and respiratory problems related to his former employment. At the time of the hearing he had been unemployed since leaving his job. He had no source of income during that period.

This evidence was not disputed in any material respect nor was it at variance with the facts or circumstances of the case. Accordingly, the evidence should have been taken as true. *Smith v. Edward M. Rude Carrier Corp.,* 151 W. Va. 322, 151 S.E.2d 738 (1966).

The remedy of imprisonment for failure to pay child support should not be enforced except where it appears that the defendant is contumacious. *State ex rel. Trembly*

*v. Whiston*, ____ W. Va. ____, 220 S.E.2d 690 at 695 (1975). The record contains no evidence which constitutes proof of a contumacious attitude on relator's part. In fact, the evidence establishes that his failure to pay was due to his inability to pay. In the absence of proof of a contumacious attitude the trial court abused its discretion by finding relator in contempt and ordering his imprisonment.

We also find the court abused its discretion by sentencing relator to imprisonment until he paid the arrearage when the evidence indicated the absence of any ability to pay and purge himself of the contempt. *State ex rel. Varner v. Janco*, 156 W. Va. 139, 191 S.E.2d 504 (1972).

The respondent contends the procedure to petition circuit courts to modify a final divorce decree with regard to support provided relator with a means to purge himself of the contempt. *W. Va. Code*, 48-2-15. This section provides a prospective remedy only, and does not empower a court to forgive arrearages. *Rakes v. Ferguson*, 147 W. Va. 660, 130 S.E.2d 102 (1963); *Biggs v. Biggs*, 117 W. Va. 471, 185 S.E. 857 (1936). It would therefore have provided no remedy to relator in purging himself of the contempt.

We find it unnecessary to reach the equal protection arguments raised by relator.

For the foregoing reasons the Writ of Habeas Corpus is made absolute to discharge petitioner from confinement. Accordingly, the trial court's order dated June 11, 1979 is vacated.

*Writ awarded.*