341 S.E.2d 703

**Bruce Stephen MOORE**

v.

**Ralph HALL, Sheriff of Lewis County, West Virginia.**

**No. 16973.**

Supreme Court of Appeals of West Virginia.

Feb. 26, 1986.

Daniel J. Post, Buckhannon, for petitioner.

No Appearance for respondent.

MILLER, Chief Justice:

The petitioner in this original habeas corpus proceeding, Bruce Stephen Moore, was adjudged in contempt of court for failing to make child support payments as previously ordered by the Circuit Court of Lewis County and was sentenced to a six-month term in the county jail, or until such time as he purged himself of such contempt or was otherwise released by order of the court. The trial judge found the petitioner,

who was not represented by counsel at the hearing in which he was adjudged in contempt, had failed, without good cause, to make child support payments totaling $1,600.

The habeas corpus petition indicates that on or about November 14, 1985, the West Virginia Department of Human Services, through the prosecuting attorney of Lewis County, presented an affidavit from the petitioner's former wife to the judge of the Circuit Court of Lewis County alleging the petitioner was in arrears in child support payments in the amount of $1,600. At the same time, the Department of Human Services, again by the county prosecuting attorney, moved the court to execute an order of contempt entered in the circuit court on November 19, 1985.[1]

The order of the circuit court adjudging the petitioner guilty of contempt states that the petitioner was not represented by counsel and that he had not shown good cause for his failure to make child support payments. The trial court's order granted judgment in favor of the Department of Human Services and the petitioner's former wife for $1,300 and $300, respectively, with interest at the rate of 10 percent from the date of the judgment order. Attached to the habeas corpus petition is a certified copy of a document entitled "Eligibility Affidavit for Assignment of Legal Counsel" indicating the petitioner was unemployed and could not afford to retain counsel. The document was filed in the circuit clerk's office on November 19, 1985. The respondent has made no answer in this case.

The issue presented is rather narrow and is whether a defendant who is indigent is entitled to a court-appointed counsel in a contempt proceeding where he is charged with failing to pay court-ordered alimony or support payments. We find that he is.

In *Eastern Associated Coal Corp. v. Doe,* 159 W.Va. 200, 215, 220 S.E.2d 672, 682 (1975), which involved a criminal contempt, we said: "[W]e hold that all persons

---

1. It would appear that the Department of Human Services was proceeding upon an assignment of the wife's right to child support payments. We spoke to the proper procedures to be followed in such a case in *State ex rel. Department of Human Services v. Huffman,* 175 W.Va. 401, 332 S.E.2d 866 (1985). In *Huffman,* the right to counsel question was not an issue.

must be advised explicitly of right to counsel and that if they are indigent counsel will be appointed, *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). . . ."

Following *Doe,* we considered an indigent's right to counsel in *Smoot v. Dingess,* 160 W.Va. 558, 560, 236 S.E.2d 468, 471 (1977), where the contempt charged was the failure to pay court-ordered alimony payments, and we said: "Regardless of whether a contempt proceeding is civil or criminal, a defendant has the right to be represented by counsel, and if he is indigent counsel must be appointed to represent him."

In neither of these cases was this principle elevated to a Syllabus Point, although it has been universally approved in later cases. *E.g., State ex rel. UMWA v. Maynard,* 176 W.Va. 131, 342 S.E.2d 96 (1985); *State ex rel. Koppers Co. v. International Union of Oil, Chemical and Atomic Workers,* 171 W.Va. 290, 292–293, 298 S.E.2d 827, 829 (1982).

■ We spoke to the right to have a court-appointed attorney in *State ex rel. Graves v. Daugherty,* 164 W.Va. 726, 266 S.E.2d 142 (1980), where an indigent defendant was faced with a paternity suit under W.Va.Code, 48–7–1. We found that he had a right to counsel under the Due Process Clause of Article III, Section 10 of the West Virginia Constitution and stated:

"Our state constitutional due process right to counsel requires court-appointed attorneys in criminal and civil actions which may constrain one's liberty or important personal rights. [*State ex rel. Hawks v. Lazaro,* 157 W.Va. 417, 202 S.E.2d 109 (1974)], (right to court-appointed counsel in involuntary civil mental health commitment proceedings);

*Eastern Associated Coal Corp. v. Doe,* [159 W.Va. 200], 220 S.E.2d 672 (1975) (right to court-appointed counsel in civil and criminal contempts); *Bullett v. Staggs,* [162 W.Va. 199], 250 S.E.2d 38 (1978) (court-appointed counsel for violation of municipal ordinances); *State ex rel. Lemaster v. Oakley,* 157 W.Va. 590, 203 S.E.2d 140 (1974) (court-appointed counsel for indigent parents in civil child neglect proceedings); *Wilson v. Bambrick,* 156 W.Va. 703, 195 S.E.2d 721 (1973) (court-appointed counsel for civil juvenile proceedings). *See* Note, The Indigent's Right to Counsel In Civil Cases, 76 Yale L.J. 545 (1967). We eschew the rubric of 'criminal' versus 'civil' in determining what process is fair. The characteristics and ramifications of a proceeding, rather than its label, spawn due process requirements." 164 W.Va. at 730, 266 S.E.2d at 144.

Without embarking on an extended discussion of the law elsewhere, we believe the principle is firmly established in our jurisdiction that an indigent defendant is entitled to a court-appointed attorney where he is charged by way of contempt for failing to pay court-ordered alimony or support payments. The record in this case is undisputed that the petitioner, who was indigent, was not afforded the right to court-appointed counsel.[2] Consequently, the order adjudicating him in contempt was void and the petitioner is entitled to the writ of habeas corpus prayed for.

Writ Awarded.

2. We have consistently stated that a person cannot be found in contempt of court for failure to make court-ordered payments, unless such person had the ability to pay and willfully refused to do so. As indicated in the Syllabus of *State ex rel. Canada v. Hatfield,* 163 W.Va. 548, 258 S.E.2d 440 (1979), "The remedy of imprisonment for failure to pay child support should not be enforced except where it appears that the defendant is contumacious." *See also State ex rel. Trembly v. Whiston,* 159 W.Va. 298, 220 S.E.2d 690 (1975); *State ex rel. Varner v. Janco,* 156 W.Va. 139, 191 S.E.2d 504 (1972); *Ex Parte*

*Beavers,* 80 W.Va. 34, 91 S.E. 1076 (1917). In *Trembly,* 159 W.Va. at 302, 220 S.E.2d at 694, we stated: "Financial inability to pay, if supported by sufficient evidence, would relieve the relator from imprisonment on charges of contempt of court. *Sutherland v. Workman,* 119 W.Va. 683, 195 S.E. 856 (1938)." Under a recent amendment to W.Va.Code, 48–2–22(c) (1984), this provision is made: "[I]f the court . . . finds the defendant did not pay because he was financially unable to pay, the defendant may not be imprisoned on charges of contempt of court."