# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DESHAWNE T.,**
**Respondent Below, Petitioner**

**vs.)  No. 22-ICA-5** (Fam. Ct. Kanawha Cnty. No. 17-D-789)

**WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,**
**BUREAU FOR CHILD SUPPORT ENFORCEMENT,**
**Petitioner Below, Respondent**


## MEMORANDUM DECISION

Petitioner Deshawne T.[1] appeals the Final Contempt and Judgment Order entered by the Family Court of Kanawha County on July 18, 2022, pertaining to Deshawne T.'s unpaid child support obligation. Respondent Department of Health and Human Resources, Bureau for Child Support Enforcement ("BCSE") responds in support of the family court's order. Deshawne T. has not filed a reply.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Deshawne T. and Mileah W. are the parents of a child born in 2014. In October 2017, Deshawne T. was ordered to pay Mileah W. $188.20 per month in child support. This support obligation was reduced to zero for several months in 2020 while Deshawne T. was incarcerated. Effective on his November 1, 2020, release from incarceration, his

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Deshawne T. is self-represented. Our Court's Clerk's Office contacted him on multiple occasions regarding the possibility of having counsel appointed for this appeal, but Deshawne T. failed to submit the required documentation of financial eligibility. The BCSE is represented by Jennifer K. Akers, Esq.  Mileah W. is the recipient of the child support, but did not participate in this family court proceeding or this appeal.

1

monthly support obligation was set at $50. It is undisputed that Deshawne T. has not timely and fully paid the child support.

In response to a petition filed by the BCSE, on May 13, 2022, the family court entered an order directing Deshawne T. to appear in court on July 18, 2022, to show cause why he should not be held in contempt for the failure to pay his court-ordered child support obligation. Attached to this order was a document warning Deshawne T. that a contempt finding could result in jail time up to 180 days or until he purged the contempt. The document further instructed: "PLEASE BE ADVISED that you may be entitled to a court-appointed attorney to represent your interest in this contempt issue. In order to determine your eligibility to receive court-appointed counsel, please immediately contact the Kanawha County Court Administrator's Office at (304) 357-0369 and complete the application process." The record does not reflect whether Deshawne T. contacted the Court Administrator's Office.

Deshawne T. appeared without counsel at the July 18, 2022, hearing. The BCSE advised the court that his unpaid child support plus interest totaled $3,387.51, and no payments had been made since March of 2021. At the hearing, Deshawne T. did not dispute his failure to pay or the amount of the arrears. However, he explained that he had been laid off from work due to COVID shutdowns, he had difficulty finding transportation, and he had been seriously injured in a motor vehicle accident. Deshawne T. provided the court with medical documentation of his injuries. He also testified that he was enrolled in a graphic design program at BridgeValley Community and Technical College and, upon his completion of an online certification test that he would be taking very soon, a "Jumpstart program" would pay him a $1,500 incentive. Deshawne T. told the court that he would use some of this incentive money to pay toward his child support arrears. He presented a witness who works for BridgeValley to confirm his enrollment, although the witness did not verify his eligibility for a $1,500 payment.

During the hearing, the family court found that Deshawne T. was in arrears and entered judgment in the amount of $3,387.51. Based on Deshawne T.'s representation that he would soon be receiving $1,500, the court ordered him to pay $750 by August 15, 2022, to purge his contempt. Deshawne T. responded that he "could do that," i.e., pay this amount by the specified date. A written Final Contempt and Judgment Order reflecting these rulings was entered the same day.

Deshawne T. appeals the Final Contempt and Judgment Order to this Court. We are guided by the following standard of review:

> "In reviewing a final order entered by a circuit court judge upon review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an

2

abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

In his brief to this Court, Deshawne T. essentially makes three arguments. First, in a solitary sentence, he states that because the family court could have sent him to jail, the court should have appointed him a lawyer. We recognize that the Supreme Court of Appeals of West Virginia has held that "[a]n indigent defendant is entitled to a court-appointed attorney where he is charged by way of contempt for failing to pay court-ordered alimony or support payments." Syl., *Moore v. Hall*, 176 W. Va. 83, 341 S.E.2d 703 (1986). However, Deshawne T. fails to explain how the family court's written instructions for obtaining an appointed lawyer violated *Moore* or his rights—especially since he was not sent to jail at the July 18, 2022, hearing. He also does not say whether he submitted an application and his financial information to the court administrator for a determination of his eligibility for appointed counsel. "[A] skeletal argument, really nothing more than an assertion, does not preserve a claim[.]" *State, Dep't of Health & Hum. Res., Child Advoc. Off. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (citation and internal quotation marks omitted). Similarly, Rule 10(c)(7) requires a petitioner's brief to contain an argument clearly exhibiting the points of fact and law presented. Deshawne T.'s brief, which includes nothing but a one sentence assertion, fails to establish any error.[3]

Next, Deshawne T. argues that the family court failed to consider all of his evidence, including his medical documentation, his disability, and his unemployed status. These contentions are refuted by a review of the video recording of the family court's July 18, 2022, hearing. The family court admitted all of the evidence Deshawne T. offered, reviewed and questioned him about the medical documents, and carefully listened to the explanation of his circumstances. The judge explained that the order to pay $750 was based on Deshawne T.'s representation that he would soon be receiving $1,500.

---

[3] This Court attempted to arrange appointed counsel for Deshawne T. to assist in the formulation of his appellate arguments, but he failed to cooperate. *See supra*, note 2. Even if a person is financially entitled to appointed counsel, that person has an obligation to complete the required procedural steps. However, with our holding today, we do not rule on whether the family court's written notice was sufficient to satisfy the requirements of *Moore*.

Finally, Deshawne T. argues that the court increased his child support after setting it at $50 per month. A review of the record reflects that this is not what the court did. The court recognized that his support obligation was only $50 per month. The single payment of $750 was ordered to pay down some of the $3,387.51 in back support and interest.

Having reviewed the record and the parties' arguments, we find no clear error or abuse of discretion. Accordingly, we affirm.

Affirmed.

**ISSUED:** February 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen